# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MITCHELL M. OWENS, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 08-cv-2090 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| CITY OF CHICAGO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case arises out of Defendant City of Chicago's ("City") termination of Plaintiff Mitchell M. Owens, Sr.'s employment in 2000. Before the Court is Defendant's motion to dismiss [32] Plaintiff's amended complaint [24] for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendant's motion to dismiss [32] is granted.

**I.  Background**

Plaintiff was employed by the City of Chicago in its Department of Streets and Sanitation ("Department") Bureau of Forestry. On November 11, 1999, he was injured in the course of performing his duties with the Department and received five stitches above his left eye. Although Plaintiff returned to work on November 17, 1999, he was unable to perform his duties on that day, called his supervisor so that he could return to the doctor, and was sent home. Subsequently, Plaintiff gave his supervisor at the Department a letter written by his family doctor explaining that Plaintiff was unable to work because of his injury. Plaintiff then received a letter from the Department, dated January 14, 2000, stating that his employment with the City was being terminated effective that day and providing ten days from receipt of that letter to respond. Plaintiff states that he provided reasons for his absence both before and after the January 14 letter

was sent. Specifically, Plaintiff contends that he wrote two letters to the City, dated January 12 and January 15, 2000, explaining that he was still under his doctor's care for the injury that he sustained in November 1999. Plaintiff further states that he personally delivered the January 12, 2000 letter to the Department. Nonetheless, Plaintiff was terminated from his position. Plaintiff alleges that the Department falsely stated that it did not know where he was and why he was not working when the City terminated his employment.

Plaintiff's amended complaint, consisting of a two-page narrative and more than 230 pages of exhibits, centers on his termination in January 2000. Although the complaint does not clearly articulate the claims that Plaintiff seeks to assert or include references to specific counts, the Court must construe Plaintiff's complaint liberally because he is proceeding *pro se*. See *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citations omitted).

Defendant contends that a fair reading of Plaintiff's complaint suggests two claims against the City: (i) wrongful discharge (or retaliatory discharge) under Illinois law and (ii) disability discrimination pursuant to the Americans with Disabilities Act ("ADA"). The latter claim certainly was intended. Plaintiff not only attached an EEOC right to sue letter dated January 22, 2008 indicating that he had the right to institute a civil action under Title I of the ADA, but he has previously filed an ADA claim against the City; Judge Kennelly dismissed that case (*Owens v. City of Chicago*, No. 07-cv-4447) for failure to exhaust administrative remedies. The state law claim does not reveal itself as clearly. Plaintiff's complaint includes a request to transfer a case from Cook County to this Court and attaches several orders from that case, as well as a printout from the Clerk of the Circuit Court of Cook County indicating that the case that Plaintiff wants transferred involves "Retaliatory Discharge." Defendant attached to its motion to dismiss Plaintiff's complaint in that state court action, which is based on the same facts that

2

Plaintiff alleges in his current complaint and is titled "Complaint for Wrongful Termination." Because Plaintiff has asked to transfer that state court action to this Court, it is a reasonable interpretation that he intended to bring the same claim here.

## II. Analysis

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005). However, "if the plaintiff chooses to provide additional facts, beyond the short and plain statement requirement, the plaintiff cannot prevent the defense from suggesting that those same facts demonstrate the plaintiff is not entitled to relief." *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002) (citations omitted). "In other words, if a plaintiff

pleads facts which show he has no claim, then he has pled himself out of court." *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (citation omitted).

Defendant asserts several arguments in support of its motion to dismiss Plaintiff's claims, each of which relies on materials beyond the face of the complaint. For example, Defendant makes a *res judicata* argument that relies on a previous state court action ("Case No. 02 L 506") filed by Plaintiff to which he refers in his complaint. Defendant also seeks dismissal of Plaintiff's ADA claim as time barred on the basis of materials attached to Plaintiff's complaint.

On a Rule 12(b)(6) motion, a court generally is limited to the allegations in the complaint, any exhibits attached thereto, and supporting briefs. See *Thompson*, 300 F.3d at 753; *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). Because *res judicata* typically implicates information beyond those documents, it is one of the affirmative defenses that often cannot be raised at this early stage. See *Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008). However, when the basis for dismissing a case pursuant to an affirmative defense is apparent from the complaint and materials attached to it or referenced in it, dismissal can be proper. See *id*. (citations omitted). That departure from the usual practice is consistent with the principle that a plaintiff can plead himself out of court. See *id*. (citation omitted).

### A. Plaintiff's Wrongful Discharge Claim

Plaintiff's amended complaint refers to a state court matter, Case No. 02 L 506, and requests that it be transferred to this Court. He also attaches a motion to transfer to federal court that he filed in the state court action, an order from the state court entering and continuing plaintiff's motion to reconsider, and a printout of the first page of the summary of that action. Although those documents are considered to be part of the pleading (see Fed. R. Civ. P. 10(c)), they are insufficient on their own to enable the Court to determine whether *res judicata* applies.

However, Defendant attaches to its motion to dismiss other documents from the state court action that make a *res judicata* determination possible – specifically, the state court complaint, the order dismissing the state court action, and an order denying the motion to reconsider the dismissal. In relying on those materials, Defendant invokes a narrow exception to Rule 10(c), pursuant to which "documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 731 n.3 (7th Cir. 2005).

Although this case arguably presents an opportunity to utilize that exception, the Court need not examine whether the documents in Case No. 02 L 506 were "central to his claim" because the Court simply may take judicial notice of the state court action and its disposition. "[W]hen a defendant raises *res judicata* as an affirmative defense and it is clear from the complaint's face and *matters of which the court can take judicial notice*, that plaintiff's claims fail as a matter of law, then dismissal under Rule 12(b)(6) is appropriate." *Gann v. William Timblin Transit, Inc.*, 552 F. Supp. 2d 1021, 1026 (N.D. Ill. 2007) (citations omitted).[1] A court may take judicial notice of matters of public record without converting a motion to dismiss to one for summary judgment. See Fed. R. Evid. 201; *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-1082 (7th Cir. 1997). Proceedings and records from other courts fall under this exception. See *Gen. Elec. Capital*, 128 F.3d at 1080-1082. The only requirement is that the adjudicative fact must not be "subject to reasonable dispute" in that it is either (i) "generally known within the territorial jurisdiction of the trial court" or (ii) "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

---

[1] See, *e.g.*, *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998) (noting that "this is a narrow exception aimed at cases interpreting, for example, a contract. It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment.")

Fed. R. Evid. 201. Federal courts are free to take judicial notice of Plaintiff's state court action. See *Gen. Elec. Capital Corp.*, 128 F.3d at 1080-1082; *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (the exception covers courts both inside and outside the federal system); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (court documents from state proceedings are noticeable). Because Plaintiff's action in Cook County satisfies all of the requirements of Fed. R. Evid. 201, the Court will take judicial notice of Case No. 02 L 506.

In light of Case No. 02 L 506, it is clear that Plaintiff is precluded from bringing his state law claim for wrongful discharge. In Illinois, "the doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties * * * on the same cause of action." *Hudson v. City of Chicago*, 228 Ill.2d 462, 467 (2008) (quoting *Rein v. David A. Noyes & Co.*, 172 Ill.2d 325, 334 (1996)). Each of the three requirements of a *res judicata* defense is present. The parties, Owens and the City, are the same. The same cause of action is asserted in both actions. In Plaintiff's "Complaint for Wrongful Termination" in Case No. 02 L 506, Plaintiff alleged that he suffered an injury while working for the City in 1999; that as a result of that injury, he was unable to work for an extended period of time; and that despite having apprised his supervisors of his inability to work, he was terminated by the City on January 14, 2000. These allegations are, to the letter, identical to those asserted in Plaintiff's amended complaint in the instant action. Finally, Plaintiff received a final judgment on the merits from a court of competent jurisdiction in Case No. 02 L 506 when it was dismissed with prejudice in August 2007 on statute of limitations grounds.[2]

---

[2] Owens filed a motion to reconsider the dismissal, which was denied on October 29, 2007.

Plaintiff never appealed the final judgment in state court.³ Because Plaintiff previously received a final judgment on the merits of his wrongful discharge claim, against the City, from a court of competent jurisdiction, he is barred from re-litigating the claim in this Court. Accordingly, the City's motion to dismiss Plaintiff's wrongful discharge claim is granted.

    **B.**    **Plaintiff's ADA Claim**

        **1.**    *Res Judicata*

As an initial matter, the Court considers whether Plaintiff's ADA claim likewise is subject to dismissal on *res judicata* grounds. The first element for the application of *res judicata* is satisfied, for the state court litigation involved the same parties. In addition, as with Plaintiff's wrongful discharge claim, the state court decision was final and was rendered by a court of competent jurisdiction.

The only possible concern is whether the ADA claim constitutes the same cause of action as Plaintiff's state law claim. In that regard, Illinois employs the transactional test. Under that test, Plaintiff's wrongful discharge claim constitutes the same cause of action as the current ADA claim if the ADA claim "arises[s] from the same group of operative facts." See *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 637 (7th Cir. 2004). There can be no dispute on that question – both the state action and the ADA claim arise out of Plaintiff's termination in January 2000. As a result, there exists an identity of causes of action and the final requirement of *res judicata* is satisfied. See *Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002) (citations omitted). The fact that Plaintiff did not bring an ADA claim in his state court action (Case No. 02 L 506) does not preclude the application of *res judicata* to that claim. "[T]he rule of *res*

---

³ Owens did file a motion in Case number 02L506 on January 23, 2009. See Circuit Court of Cook County Electronic Docket. However, that motion was stricken or withdrawn on February 2, 2009.

*judicata* applies to those issues actually litigated as well as those that could have been litigated in the state court proceeding." *Id*. (citations omitted). Because the state courts are available to hear ADA claims (see, *e.g.*, *Evans v. Page*, 324 Ill.App.3d 241 (5th Dist. 2001)), Plaintiff's ADA claim could have been raised in Case No. 02 L 506.

In addition, the mere fact that Plaintiff had neither filed his EEOC charge nor obtained a right to sue letter as of the time that the state court action was commenced – or, indeed, as of the date five years later that the state court action was dismissed – is no bar to the application of *res judicata* here. As a federal district court in Michigan recently explained, while "it might seem incongruous" to conclude that a plaintiff could have asserted an ADA claim in a state court suit commenced before the plaintiff had obtained a right to sue letter, that is in fact the current state of the law. *McNeill v. Wayne County*, 2009 WL 799164, at *4 (E. D. Mich. Mar. 23, 2009) (holding ADA and state law claims asserted in federal lawsuit were barred under *res judicata* because they could have been brought in prior state court litigation because claims in both lawsuits arose from the same difficulties experienced by plaintiff in the course of her employment with the defendant). Where, as here, a plaintiff is entitled to obtain a right to sue letter before or during the pendency of a state court lawsuit,[4] the plaintiff is obligated to avail himself of that opportunity and to fold his discrimination claim into the pending state court action or face "the application of claim preclusion when he failed to do so." *Id*. (citing *Heyliger v. State Univ. & Community College Sys. of Tenn.*, 126 F.3d 849, 855-56 (6th Cir. 1997)); see also *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 505-06

---

[4] As explained in greater detail below, by the time that Plaintiff filed his state court action in 2002, he already had missed the deadline for filing an EEOC charge on the basis of the alleged discriminatory acts giving rise to this federal litigation.

8

(10th Cir. 2002); *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1033 (6th Cir. 1998). For all of these reasons, Plaintiff's ADA claim must be dismissed on *res judicata* grounds.

### 2. Time Bar

Plaintiff's ADA claim also may be subject to dismissal on the ground that the claim is time barred under the applicable statute of limitations for ADA claims (see 42 U.S.C. § 12117 (incorporating requirements of 42 U.S.C. § 2000e-5(e)(1))). The ADA prohibits a "covered entity" from discriminating against a qualified individual with a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *Stepney v. Naperville Sch. Dist. 203*, 392 F.3d 236, 239 (7th Cir. 2004). An ADA plaintiff in Illinois must file a charge of discrimination within 300 days "after the alleged unlawful employment practice occurred." See 42 U.S.C. § 12117(a); *Stepney*, 392 F.3d at 239. The 300 day time limit imposed on an ADA plaintiff "operate[s] akin to [a] statute of limitation, rather than as a jurisdictional requirement[]." *Delgado v. Certified Grocers Midwest, Inc.*, 2006 WL 2873215, at *2 (N.D. Ill. Oct. 5, 2006) (citing *Rennie v. Garrett*, 896 F.2d 1057, 1062 (7th Cir. 1990); *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Defendant's contention that Plaintiff failed to timely file his EEOC charge asserts a statute of limitations affirmative defense that generally is not susceptible to disposition on a Rule 12(b)(6) motion to dismiss. See *Salas v. Wisconsin Dept. of Corr.*, 493 F.3d 913 (7th Cir. 2007). Plaintiff's ADA claim may be dismissed only if it is clear from the face of the complaint that he has not satisfied the preconditions of an ADA claim. See *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004). An ADA plaintiff is not required to attach the charge of discrimination; he only needs to plead generally that he has complied with EEOC procedures.

See Fed. R. Civ. P. 9(c); *Frazier v. Harris*, 266 F. Supp. 2d 853, 874 (C.D. Ill. 2003). However, if an ADA plaintiff does attach documents to his complaint, including his EEOC charge and the resulting right to sue letter, the Court may consider those documents in ruling on a motion to dismiss, including with respect to an affirmative defense. See Fed. R. Civ. P. 10(c) ("a copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes"). And if the EEOC charge or other attached document reveals that the action was not commenced in a timely fashion, Plaintiff may plead himself out of court.

This lawsuit is Plaintiff's second attempt to maintain a federal ADA claim. On October 22, 2007, Judge Kennelly dismissed without prejudice Plaintiff's first action, *Owens v. City of Chicago*, Case No. 07-cv-4447[5], for failure to exhaust administrative remedies. In the dismissal order, Judge Kennelly mentioned that Plaintiff had attached the same 2003 EEOC Charge Questionnaire that is attached to Plaintiff's complaint in this Court, but as Judge Kennelly noted, it was (and is) unclear whether Plaintiff actually submitted the 2003 document to the EEOC for its consideration. Since the dismissal of his prior federal suit, Plaintiff has obtained – and attached to his operative complaint – three additional EEOC documents: (i) a Charge of Discrimination dated November 28, 2007 that was stamped "received" by the EEOC on that date; (ii) an acknowledgement of Plaintiff's request for a Notice of Right to Sue dated December 20, 2007; and (iii) a Right to Sue letter dated January 22, 2008. Plaintiff thus now has exhausted his administrative remedies and obtained a right to sue letter.

The remaining problem for Plaintiff is that all of these documents – including the 2003 Charge Questionnaire, assuming that it was submitted to the EEOC, although there is no

---

[5] The Court takes judicial notice of this action for all the reason previously stated. See Fed. R. Evid. 201; *Gen. Elec. Capital Corp.*, 128 F.3d at 1080-1082. Owens' recent case in this district, and an opinion emanating therefrom, satisfies the requirements of Fed. R. Evid. 201.

evidence to that effect – show that Plaintiff took no steps to file his EEOC charge in a timely fashion. It is clear from Plaintiff's complaint that his claim accrued on January 14, 2000, which means that the time for filing an EEOC charge lapsed some time in late 2000. As noted above, an ADA plaintiff is not required to attach the charge of discrimination; he only needs to plead generally that he has complied with EEOC procedures. Here, Plaintiff took the opposite route. He failed to plead that he complied with the EEOC procedures. Instead, Plaintiff attached documents that he believed were sufficient to satisfy that requirement. And taking the complaint and the attached documents together, there is no allegation or indication that Plaintiff either (i) filed an EEOC charge within 300 days of the incident giving rise to his complaint (which took place on January 14, 2000) or (ii) was the victim of any allegedly discriminatory action by Defendant after January 14, 2000. To the contrary, the last alleged act of discrimination took place in 2000, the first hint of any EEOC activity took place in 2003, the EEOC charge was not actually filed until 2007, and the right to sue letter did not issue until 2008. In sum, Plaintiff's discrimination claim under the ADA fails to comply with the 300 day limitation imposed by the ADA. As such, in addition to being barred by *res judicata* (see above), Plaintiff's ADA claim is time-barred and must be dismissed on that basis as well.[6]

---

[6] Absent the Court's *res judicata* ruling, had Plaintiff merely omitted allegations that he complied with the applicable EEOC procedures, the Court would have dismissed his ADA claim without prejudice, because such a pleading defect may have been curable. But on the basis of the untimely EEOC materials that Plaintiff attached to his operative complaint, it is evident that Plaintiff was years late in his efforts to exhaust his available administrative remedies and cannot cure that oversight at this late date.

## IV. Conclusion

For the reasons stated above, the City's motion to dismiss Plaintiff's amended complaint for failure to state a claim [32] is granted.

Dated: August 31, 2009

_____
Robert M. Dow, Jr.
United States District Judge